UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

THOMAS VAIL,

    Petitioner,

vs.

THE STATE OF NEVADA,

    Respondent.

Case No. 2:15-cv-01093-JAD-VCF

**Order Screening Petition and Denying Motion for Appointment of Counsel**

**[ECF 2]**

Petitioner has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254[1] and a supplement.[2] The court has reviewed both under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and finds the claim in the supplement to be without merit and the claims in the initial petition too vague to proceed. Petitioner also asks for appointed counsel. Petitioner will have until December 7, 2015, to file an amended petition, and his request for appointment of counsel is denied because the court does not find that an appointment of counsel is warranted in this case.

## Background

In state district court, petitioner pleaded guilty to an unspecified number of counts of theft. He did not appeal the judgment of conviction. Petitioner did file a post-conviction habeas corpus petition in the state district court. The state district court denied the petition. Petitioner appealed, and the Nevada Supreme Court affirmed the denial.

## Discussion

**A.    Screening of the claims**

The claims in the petition are too vague. Ground 1 refers to errors in the pre-sentence investigation report, but petitioner does not allege how those errors affected his sentencing. Ground 2 refers to the prosecution breaking their word not to oppose a motion to withdraw the guilty plea,

---

[1] ECF 9.

[2] ECF 11.

but petitioner does not allege what the grounds for withdrawal were.  Petitioner also mentions that there were no restitution conferences, but he does not allege how that affected any order for restitution.  If petitioner is assuming that this court possesses the state court record to fill in the gaps in his allegations, he is mistaken.  The court knows nothing of petitioner's criminal case beyond what he alleges, and right now his allegations are insufficient to allow him to proceed.  Petitioner will have until December 7, 2015, to file an amended petition (on the court's form) to correct these deficiencies. If he fails to do so, this case will be dismissed.

In his supplement, petitioner alleges that the sentencing judge did not consider petitioner's military history, thereby violating Nev. Rev. Stat. § 176.015.  This is a violation of state law that is not addressable in federal habeas corpus.[3]  The court now dismisses the supplement.  Petitioner should not re-allege this claim in his amended petition.

**B.     Motion for Appointment of Counsel**

Petitioner has filed an *ex parte* motion for appointment of counsel.[4]  Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief.[5]  "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved."[6]  There is no constitutional right to counsel in federal habeas proceedings.[7]  The factors to consider are not separate from the underlying claims but are intrinsically enmeshed with them.[8]  After reviewing the petition, the court finds that appointment of counsel is not warranted here.

---

[3] *Pulley v. Harris*, 465 U.S. 37, 41 (1984).  *See also* 28 U.S.C. § 2254(a).

[4] ECF 2.

[5] 18 U.S.C. § 3006A(a)(2)(B).

[6] *Weygandt v. Look*, 718 F.2d 952 (9th Cir. 1983).

[7] *McCleskey v. Zant*, 499 U.S. 467, 495 (1991).

[8] *Weygandt*, 718 F.2d at 954.

## Conclusion

IT IS THEREFORE ORDERED that the supplement to petition **[ECF 11] is DISMISSED**.

IT IS FURTHER ORDERED that the *ex parte* motion for appointment of counsel **[ECF 2] is DENIED**.

IT IS FURTHER ORDERED that the Clerk of the Court shall send petitioner a petition for a writ of habeas corpus under 28 U.S.C. § 2254 form with instructions.  **Petitioner has until December 7, 2015, to file an amended petition to correct the noted deficiencies.**  Neither this deadline nor any extension of it signifies or will signify any implied finding of a basis for tolling during the time period established.  Petitioner at all times remains responsible for calculating the running of the federal limitation period under 28 U.S.C. § 2244(d)(1) and timely asserting claims.  Failure to comply with this order will result in the dismissal of this action.

IT IS FURTHER ORDERED that **petitioner must clearly title his new filing an amended petition by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" on page 1 in the caption, and petitioner must place the case number, 2:15-cv-01093-JAD-VCF, above the word "AMENDED."**

The Clerk of Court is directed to add Adam Laxalt, Attorney General for the State of Nevada, as counsel for respondents and electronically serve upon respondents a copy of the petition and this order.  Respondents' counsel must enter a notice of appearance in this case by November 30, 2015, but no further response is required from respondents until further order of the court.

DATED: November 6, 2015

_____
JENNIFER A. DORSEY
United States District Judge